CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALUCIOUS WILLIAMS, JR., | ) | |
|    Plaintiff, | ) | Civil Action Nos. 7:24-cv-00239 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN RICK WHITE, *et al.*, | ) |    United States District Judge |
|    Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alucious Williams, Jr., a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 4.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Williams' complaint fails to state a claim and is frivolous, and the court will issue an order dismissing this action.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Examples of frivolous claims include those whose factual allegations are so nutty, delusional, or wholly fanciful as to be simply unbelievable." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009). Applying these standards to Williams'

complaint, the court concludes that it is frivolous and does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges that, while incarcerated at Red Onion State Prison, prison officials and medical staff implanted an unknown device or chemical agent that causes him to "constantly hear recordings of prison officials, other inmates, and people in society." (Compl. 3.) He alleges that the device was implanted over time when, on three separate dates, he was given a flu shot, a COVID-19 test, and a vaccine for COVID-19. (*See id.*) Plaintiff states that this arrangement was part of a conspiracy involving the FBI, the City of Norfolk, the Commonwealth's Attorney Office, and various gang members and drug dealers "to engage in psychological, financial and physical warfare against me." (*Id.* at 4.) Plaintiff is no longer incarcerated at Red Onion, but he claims that he is still suffering symptoms from the device or chemical agent. (*Id.* at 10.)

Plaintiff's claims are not believable and will be dismissed. *See, e.g.*, *Manzo-Hernandez v. Clarke*, Civil Action No. 7:23-cv-00414, 2023 WL 8039806, at *1 (W.D. Va. Nov. 20, 2023) (dismissing as frivolous complaint that "describes a conspiracy involving satellites, x-ray view cameras, ultraviolet light, and electromagnetic mind-reading radiation waves"); *Ghouralal v. Rambo*, Case No. 2:20-cv-02875-BHH-MGB, 2020 WL 6749348, at *2 (D.S.C. Aug. 25, 2020) (dismissing complaint with allegations that the government is perpetrating a high-tech mind-control plot in order to cover up illegal acts as frivolous and collecting citations of similar frivolous complaints); *Hecker v. Central Intelligence Agency*, CIVIL ACTION NO. 21-CV-2701, 2022 WL 196281, at *5 (E.D. Penn. Jan. 20, 2022) ("Federal courts routinely dismiss allegations that . . . governmental agencies are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factual frivolous under § 1915, finding

that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.") (collecting cases).

Accordingly, it is hereby ORDERED that this 42 U.S.C. § 1983 action is DISMISSED for failure to state a claim and as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1). Because of this ruling, Williams' motion for default judgment (Dkt. No. 7) is DISMISSED AS MOOT. Williams' claims are dismissed without prejudice. It is further ORDERED that the Clerk shall STRIKE this case from the active docket of the court. The Clerk shall transmit a copy of this order to Williams.

Entered: August 22, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

3